1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ARMANDO ABREU,

11              Petitioner,                    No. 2:12-cv-1760 EFB P

12        vs.

13   MATHEW CATE, et al.,

14              Respondents.                   ORDER

15   _____/

16        Petitioner is a state prisoner proceeding without counsel seeking a writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.  Petitioner seeks leave to proceed *in forma pauperis*.  *See* 28

18   U.S.C. § 1915(a).  Examination of the *in forma pauperis* affidavit reveals that petitioner is

19   unable to afford the costs of suit.  The request will therefore be granted.

20        This case is before the undersigned pursuant to petitioner's consent.  *See* 28 U.S.C.

21   § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).  Currently pending before the court is

22   petitioner's application for a writ of habeas corpus, motion for a temporary restraining order, and

23   motion for an order granting him access to the law library, a photocopy machine, and various

24   legal supplies.  For the reasons explained below, the court finds that the application must be

25   dismissed without leave to amend.  Accordingly, petitioner's pending motions will be denied as

26   moot.  *See* Rule 4, Rules Governing § 2254 Cases.

1

A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A judge entertaining a habeas petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  The petition must be dismissed if on initial review the court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases.  An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested.  Rule 2, Rules Governing § 2254 Cases.  While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

In this case, the court lacks habeas jurisdiction because petitioner only challenges the conditions of his confinement.  Specifically, petitioner contends that prison officials retaliated against him by withholding "food, clothing, linen, razors, nail clippers, hair clippers, and a transfer."  Dckt. No. 1 at 5.  He further contends that he has been denied access to the prison's administrative appeal process.  *Id.*  Even if petitioner was to succeeds on his claims, such a result would not shorten his sentence.  Accordingly, this court lacks habeas jurisdiction over the claim raised in the petition.  *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

A court has discretion to construe a habeas petition as a civil rights action pursuant to 42 U.S.C. 1983.  *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th. Cir. 1992).  However, construing

the petition as an action filed under 42 U.S.C. 1983 is problematic because a civil rights complaint requires certain information that is generally not sought by this court's habeas form. For example, rather than naming as defendants the individual members of the prison staff that allegedly violated his civil rights, petitioner named the Secretary of the California Department of Correction and Rehabilitation and the Warden of Salinas Valley State Prison as defendants. *See* Dckt. No. 1. Furthermore, it is unclear whether petitioner is willing to pay the $350 civil action filing fee rather than the $5.00 filing fee for habeas proceedings. *See* 28 U.S.C. § 1914.

For the following reasons, the court is unwilling to construe the habeas petition as a civil rights action under 42 U.S.C. 1983. This action will therefore be dismissed without prejudice to petitioner filing a civil rights action pursuant to 42 U.S.C. 1983.

Accordingly, it is ORDERED that:

1. Petitioner's motion to proceed *in forma pauperis* is granted.

2. The petition is dismissed without leave to amend.

3. Petitioner's pending motions are denied as moot.

4. The Clerk is directed to close the case.

5. The court declines to issue a certificate of appealability.

Dated: August 2, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE